TOWN OF VERNON *v.* PUBLIC UTILITIES COMMISSION ET AL.

SUPERIOR COURT  WINDHAM COUNTY  FILE NO. 13345

Memorandum filed September 13, 1971

*Abbot B. Schwebel,* town attorney, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for the defendant The Rockville Water and Aqueduct Company.

*Robert K. Killian,* attorney general, and *Frederick D. Neusner,* assistant attorney general, for the named defendant.

BARBER, J. This is an appeal from the finding, decision and order of the public utilities commission granting an increase in rates to the Rockville Water and Aqueduct Company, hereinafter referred to as the water company, under docket No. 10913, as modified by supplemental finding and decision No. 10913 SP.

The water company serves approximately 3864 customers in the Rockville area and sells for resale water to the Connecticut Water Company. The average daily consumption from all customers is about three million gallons. Upon an earlier application for an increase in rates, the commission in

1967 noted that it had received complaints because of the poor quality of the water. The company, upon the advice of engineering consultants who found that Lake Shenipsit, which is the company's reservoir, was entering the first phases of becoming an eutrophic body of water, began the construction of a filter plant as the most feasible solution to the problem. In 1968, the company filed an application for increased rates which was denied by the commission on the ground that the filter plant was under construction and not in use.

On February 6, 1970, the water company filed an application for increased rates and charges expected to increase the company's annual operating revenues by approximately $600,000. According to the company's application, all flat rates, metered residential, metered commercial, metered industrial, private and public fire charges, and water for resale would be increased 185 percent. The company also proposed to eliminate a high service surcharge.

The water company has spent about $2,300,000 for installation of a water treatment and filter plant with a capacity of five million gallons a day. This plant went into operation on May 18, 1970.

After hearing, the commission found that a percentage increase of revenue for all classes of customers of about 156 percent was reasonable, and approved additional revenue of approximately $510,300 per annum over annual revenues received by the company under the old rates and charges. The town of Vernon, claiming it is aggrieved, has filed this appeal. General Statutes § 16-35. On July 30, 1970, the court ordered that the appeal not operate as a supersedeas. General Statutes § 16-39. On May 14, 1971, the appeal was transferred to Windham County for disposition. This court has

reviewed the record certified pursuant to General Statutes § 16-37, without the taking of any testimony.

At any hearing before the commission involving rates, the burden of proving that the rates requested are just and reasonable is upon the public service company. General Statutes § 16-22. Upon appeal, the function of the court is to determine from the record whether the facts found by the commission are supported by the record, whether they furnish justifiable reasons for the action of the commission, and whether it has acted legally or exceeded or abused its powers. *Wilson Point Property Owners Assn.* v. *Connecticut Light & Power Co.,* 145 Conn. 243, 252. A plaintiff has the burden of proof as to the existence of any abuse. *Anthony Augliera, Inc.* v. *Loughlin,* 149 Conn. 478, 482; *Briggs Corporation* v. *Public Utilities Commission,* 148 Conn. 678, 687.

The plaintiff, the town of Vernon, alleges that the commission acted illegally, arbitrarily and unreasonably and exceeded and abused its statutory powers. The complaint particularizes the specific claims with considerable overlapping and duplication. In its brief, the plaintiff states the specific claims as follows: (1) The commission "acted illegally in mechanically applying its rate base formula in this case and failing to consider the interest of consumers in formulating rates." (2) The commission "acted arbitrarily and illegally in making findings as to cost of debt and just and reasonable rates of return on common equity and rate base without giving any reason for their findings and without substantial evidence in the record to support such finding." (3) The commission "set a rate necessarily greater than would be 'just, reasonable and adequate' in view of substantial declines in interest rates subsequent to decision."

"In general, the governing principle for determining rates to be charged by a public utility is the right of the public on one hand to be served at a reasonable charge, and the right of the utility on the other to a fair return on the value of its property used in the service. After the value or rate base of the property used and useful in a public utility business is ascertained, next to be ascertained is the amount of the operating expenses as compared with the gross income, after which a conclusion can be drawn as to the rates necessary for a fair return on the property." 43 Am. Jur. 674, Public Utilities and Services, § 156.

## I

The plaintiff contends that the use of a rate base as the sole test for the rate of returns is inapplicable to this case, where the rate base has increased from $1,000,000 to $3,300,300 in two years, and that the rate increase of 156 percent is totally unfair to the customer and is unreasonable, discriminatory and confiscatory to the user.

The commission was methodical rather than mechanical in the determination of rates reasonable both to the company and to its customers. The commission noted that the construction of a filter plant is an expensive undertaking and was done only because it was a matter of last resort in order that the people in the franchise area would be able to obtain quality water. For a company the size of the water company, the construction of a filter plant was a very substantial capital expenditure. It is admitted that the water company's rate base more than tripled within a period of two years.

The commission found that additional revenue in the amount of $510,300 per annum over the revenue theretofore received by the water company under its

existing rates should produce sufficient revenue to pay operating and other expenses, provide for reasonable dividends and additions to surplus, maintain the water company's credit, and permit the water company to obtain required capital funds on reasonable terms in the available money market.

Rates permitted a public utility company must be reasonable both to the customers and to the company. The rates may be high enough to cover the cost of service, the carrying charges, a reasonable sum for depreciation, and a fair return upon the investment. Less than this will not give the company a reasonable rate and may unduly deprive the owners of their property without just compensation. If the rates exceed this point to an appreciable degree, they would not be reasonable to the consumer. *Turner* v. *Connecticut Co.*, 91 Conn. 692, 699. A public utility company is entitled to a fair return upon the fair value of such of its property as is useful and being used in service. It cannot be required to make substantial capital improvements to improve its service without just compensation. *Cedar Island Improvement Assn.* v. *Clinton Electric Light & Power Co.*, 142 Conn. 359, 370.

The fact that the commission permitted an increase of revenue from all classes of customers amounting to about 156 percent, considered by itself, is not sufficient to prove that the rates allowed are unreasonable to the consumer or that the decision of the commission is arbitrary, illegal or in excess or abuse of its powers. The commission took evidence and made findings concerning a broad range of relevant factors. The plaintiff does not dispute the commission's basic computations but says that the commission should have inquired into the value of the service to the consumer and the ability of the consumer to pay. The nature and scope of the in-

quiry in rate cases is such that the question of what constitutes a reasonable rate is primarily a question of fact, depending largely upon the circumstances of the particular case. The water company presented evidence to satisfy its burden of proof. On the other hand, the plaintiff and those in opposition produced no evidence, although they had full opportunity to do so. See *New Haven* v. *New Haven Water Co.*, 118 Conn. 389, 404. The evidence and finding show that there was need for the rate increase and that the amount of increase was reasonable under the circumstances. The evidence establishes that the water company had been instructed to construct a filter plant at the lowest possible cost, that one was built at the lowest possible cost consistent with the company's need and good engineering practice, that the costs incurred in operating the plant were reasonable, that the revenue to be received by the company on the basis of proposed rates was needed and not excessive, and that the rates to produce such revenue were reasonable.

"Reasonable" is a relative term, and what is reasonable depends upon many varying circumstances. The amount of money which has been actually and wisely expended in producing the required service is always a primary consideration. The value of such service is the value to the customers, but as individuals making up a community of water users. If there is more than one source of supply, other things being equal, the community is entitled to have the least expensive one used. *Brunswick & Topsham Water District* v. *Maine Water Co.*, 99 Me. 371, 387. In this case, there is not a particle of evidence that the rate base established is inflated or economically unsound, under the circumstances; nor was such a claim made before the commission.

The commission, in its determination of reasonable rates, took into consideration that the water

company sells water for resale to the Connecticut Water Company under a contract approved by the commission. Under the rates existing prior to the new rate schedule, the company received 12.5 percent of its total revenue from the sale of water to the Connecticut Water Company. Under the new rate schedule, the company will receive 12.6 percent of its total revenue from such sale. There was substantial and sufficient evidence before the commission for such approval.

The plaintiff, for the first time on this appeal, makes the claim that the rate set for public fire protection in the town of Vernon is so high as to exceed the value of such service to the town. The supplemental finding and decision estimates the increase in revenue from public fire charges to be $67,400 and finds the rate to be within the zone of reasonableness established by the commission. The amount of $67,400 includes not only the town of Vernon but also the towns of Tolland and Ellington. The transcript discloses that at the hearing the only reference to this issue came from a state senator who stated that the difference in insurance premium on a $15,000 home with hydrant protection as opposed to no hydrant protection is approximately $3 to $4.50 per year. The town of Vernon did not raise this issue or present any evidence to support such a claim in such a way as fairly to apprise the commission. *Levitt* v. *Public Utilities Commission,* 114 Conn. 628, 637. In the absence of such a claim or such evidence, the finding of the commission is sufficient to sustain its order.

The plaintiff also contends that, in view of a history of inadequate service, the commission acted illegally in not first finding that the service was adequate upon substantial evidence. The fixing of future rates always involves an element of predic-

tion. There is nothing in the evidence or claims before the commission to indicate that the quality of the water would not be improved. The commission's implicit finding in this regard is sufficient in such absence. If the customers now have cause for complaint concerning the quality of the water, they are not without remedy.

## II

The plaintiff further contends that the commission acted arbitrarily and illegally in making a finding as to the cost of debt and of just and reasonable rates of return on common equity and rate base without giving any reason for its findings and without substantial evidence in the record to support such findings. The complaint alleges that the commission acted illegally in that it set an unreasonably high rate of return for a public utility company of 7.2 percent after financing.

At the hearing, the water company offered its expert witness to support a claim for a rate of return which exceeded 7.2 percent. The plaintiff offered no evidence on this matter. The commission's acceptance of 7.2 percent as the proper and reasonable rate of return was a conclusion of fact based upon the evidence presented to the commission and its own expertise in construing and evaluating that evidence. The credibility and weight to be given the evidence adduced by the water company's expert were a matter for the commission. *Briggs Corporation* v. *Public Utilities Commission,* 148 Conn. 678, 687; *Wilson Point Property Owners Assn.* v. *Connecticut Light & Power Co.,* 145 Conn. 243, 264. The record shows that the commission weighed the evidence objectively. A reasonable discretion must abide in the officers whose duty it is to fix rates, and their decision should not be set aside unless

it is proved that the rates are excessive and their action illegal and arbitrary. *Barr* v. *First Taxing District,* 151 Conn. 53, 59. In determining the rate of return and the amount of rate increase, the commission applied the test of a reasonable return on equity. Under the rates approved, the net income of the water company would be approximately $88,560. Based on the common equity of the company, aggregating approximately $1,422,000, this would provide for a return of 6.2 percent on common equity. Under the rates proposed by the company, the return on equity would have been considerably higher but less than the interest cost on the company's additional long-term debt. The evidence before the commission and the commission's finding do not furnish a basis, under the circumstances, for this court to disturb the conclusion of the commission.

### III

The plaintiff finally contends that the commission set a rate necessarily greater than would be just, reasonable and adequate in view of substantial declines in interest and dividend rates subsequent to the commission's decision.

This claim raises an issue that is not raised in the pleadings. As interest and dividend rates tend to be fluid, it is not practical to adjust rates to every temporary fluctuation. The plaintiff's claim that there has been a substantial decline in interest and dividend rates is at best argumentative. The facts in the record are sufficient for an equitable disposition of this appeal. See General Statutes § 16-37.

To summarize, the thrust of the plaintiff's arguments is that the rates established by the commission are too high. The commission's reply is that they are reasonable under the circumstances and that the amount of increase allowed, considered by

itself, is not conclusive that the rates are excessive or that the commission was arbitrary or abused its powers.

The record fully discloses that the commission realized the serious problem involved and took evidence concerning a broad range of relevant factors and carefully scrutinized and evaluated the evidence. It must be realized that pure water in any community today is a precious commodity and that healthful living cannot be maintained without it. In this age, we are constantly being confronted by ecological problems which have a serious impact upon our lives and economy. They cannot be ignored and must be paid for by someone. In this case, the water company was the utility serving the area, and its plant and equipment were not adequate to accomplish the duties imposed upon it under the circumstances. See General Statutes § 16-11.

The water company was thus forced to construct a water treatment plant which would furnish water of satisfactory quality to its customers. It did so at considerable expense and has dedicated the plant to public service. To require it to continue to do so without reasonable compensation would be unfair and confiscatory. The commission noted in its decision that the large increase in rates allowed in this case was unique and unusual. The commission had the duty to establish rates which were adequate to enable the water company to provide properly for public convenience, necessity and welfare. *New Haven Water Co.* v. *New Haven*, 106 Conn. 562, 578.

The plaintiff has not sustained its burden to show that the commission acted illegally, arbitrarily or unreasonably, or that it exceeded or abused its authority. *Briggs Corporation* v. *Public Utilities Commission*, supra, 687.

Judgment may enter dismissing the appeal.